UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARI KRESCH, MERCHANT'S CREDIT
RECOURSE, JOHN MOLESKI, and
JESSE MOLESKI,

      Plaintiffs,

v.

      Civil Case No. 18-10025
      Honorable Linda V. Parker

DONALD MILLER, KYLE ARNESON,
UNIVERSITY CAPITAL SOLUTIONS LLC,
and 1-50 DOES,

      Defendants.
_____/

# OPINION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR ALTERNATE SERVICE

Plaintiffs filed this lawsuit against Defendants on January 3, 2018, alleging various federal and state law claims. (ECF No. 1.) The following day, the Court issued summonses for Defendants Kyle Arneson, Donald Miller, and University Capital Solutions LLC (collectively "Named Defendants"). (ECF Nos. 2-4.) On March 28, 2018, Plaintiffs moved for an additional twenty-five days to serve the Named Defendants, which this Court granted on April 2, 2018. (ECF No. 5.) Now before the Court is Plaintiffs' motion for alternative service on the Named Defendants. (ECF No. 7.)

In their motion, Plaintiffs indicate that their process servers have unsuccessfully attempted to serve Arneson at an address in Chicago, Illinois, and Donald Miller and University Capital Solutions at various addresses in Florida. In a certified statement, one process server indicates that he was unable to serve Donald Miller at commercial and residential addresses in Palm Beach Gardens, Florida. (ECF No. 5-1.) According to the process server, one commercial address (3601 PGA Blvd, Suite 101, Palm Beach Gardens, FL) was an empty structure and another address (2701 PGA Blvd, Suite B, Palm Beach Gardens, FL) was occupied by another tenant who did not know Miller. (*Id.*) Miller also was not known to the occupants of a neighboring office (law firm). (*Id.*) No vehicles, lights, or activity were detected at the partially furnished residential address where service was attempted (2347 Prosperity Bay Court, Palm Beach Gardens, FL) and a neighbor indicated that Miller was rarely seen. (*Id.*)

Another process server attempted to serve Miller at the Prosperity Bay address on various occasions from April 10 to 27, 2018. (ECF No. 7-1 at Pg ID 79.) The process server visited the address at varying times during that period. (*Id.*) Except for one occasion where the process server reported seeing someone hiding through the window, the residence appeared unoccupied and a contact card left on the door on April 11 was still there on April 26. (*Id.*)

A third process server provides an affidavit stating that she made seven attempts to serve Arneson between March 18 and April 3, 2018, at 845 West Fulton Market, Unit 301, Chicago, Illinois. (ECF No. 7-2 at Pg ID 82-83.) At each visit, the main door to the condominium building was secured and the process server was unable to gain access to the interior of the building. (*Id.*) Through an Internet search, the process server obtained a telephone number for Arneson. The first time the process server called, she spoke to an unknown female who stated that Arneson was not there and provided a different number for him. (*Id.*) When the process server called that number, the outgoing voicemail message stated Arneson's name. (*Id.*) The process server left a message for a return call on two occasions, but no one called back. (*Id.*)

Federal Rule of Civil Procedure 4(e) provides that service on an individual may be made by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Rule 4(h) also allows for service on a corporation, partnership, or association in accordance with the law of the state in which the district court is located. Fed. R. Civ. P. 4(h)(1)(A). Alternatively, service may be made on a corporation, partnership, or association located in any United States judicial district

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1)(B).

Michigan Court Rule 2.105 governs service of process in the State of Michigan. That rule allows for service of the summons and a copy of the complaint on a resident or non-resident individual by personal delivery *or* registered or certified mail, return receipt requested, and delivery restricted to the addressee. MCR 2.105(A)(1)-(2). "Michigan court rules do not expressly address the proper manner of service on a limited liability company (LLC)." *SPE Util. Contractors, LLC v. All Seasons Sun Rooms Plus, LLC*, No. 323363, 2015 WL 5952134, at *7 (Mich. Ct. App. Oct. 13, 2015); *Smith v. Trojan, LLC*, No. 252244, 2005 WL 839499, at *1 (Mich. Ct. App. April 12, 2005) (same). Nevertheless, the Michigan Court of Appeals has applied Michigan Court Rule 2.105(H)(1) to LLCs,

which permits service on a defendant "by serving … an agent authorized by written appointment or by law to receive service of process." *See, id.*

In Florida, where University Capital Solutions LLC is registered, an LLC is required to have a resident agent. Fla. Stat. § 605.0113(1)(b). Further, Section 605.0113 provides that the registered agent's duties include "forward[ing] to the limited liability company or registered foreign limited liability company, at the address most recently supplied to the agent by the company or foreign limited liability company, a process, notice, or demand pertaining to the company or foreign limited liability company which is served on or received by the agent." *Id.* § 605.0113(3)(a). According to the Florida Department of State, University Capital Solutions has identified Donald Miller as its registered agent. Thus, this Court concludes that service on Miller will accomplish service on the LLC, as well.

Rule 2.105 provides that alternate service may be appropriate under some circumstances:

> 1) On a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.
>
> (2) A request for an order under the rule must be made in a verified motion dated not more than 14 days before it is filed. The motion must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known

5

> address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it. A hearing on the motion is not required unless the court so directs.
>
> (3) Service of process may not be made under this subrule before entry of the court's order permitting it.

MCR 2.105(I). In Michigan, substitute service "is not an automatic right." *Krueger v. Williams*, 300 N.W.2d 910, 915 (Mich. 1981). "A truly diligent search for an absentee defendant is absolutely necessary to supply a fair foundation for and legitimacy to the ordering of substituted service." *Id.* at 919.

Plaintiffs fail to show that service "cannot reasonably be made" on Arneson or Miller in accordance with the rules. The process servers' statements reflect that they have been unable to locate these defendants personally or identify a person of suitable age and discretion at their residences with which to leave the summons and a copy of the Complaint. Nevertheless, there is no indication that Plaintiffs have attempted all of the authorized methods to serve these individuals (e.g., registered or certified mail).

Moreover, Michigan Court Rule 2.105(I)(1) requires that the substituted service be "reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." In their motion, Plaintiffs neither request a specific alternative method of service nor suggest what alternative method should be used. This Court is without sufficient information to suggest

6

what alternative method would be "reasonably calculated to give [Arneson and Miller] actual notice of the proceedings and an opportunity to be heard." It is not evident to the Court how Plaintiffs obtained the residential addresses at which service was attempted, whether these in fact are current addresses for Miller or Arneson, or whether reasonable efforts were made to obtain alternative or current addresses for these defendants.

For these reasons, the Court is **DENYING WITHOUT PREJUDICE** Plaintiffs' Motion for Alternative Service on Defendants Donald Miller, Kyle Arneson, and University Capital Solutions, LLC. The Court will grant Plaintiffs an additional thirty days to serve Defendants or renew their motion for alternative service.

**IT IS SO ORDERED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: June 13, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 13, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury<br>
Case Manager