UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARI KRESCH, MERCHANT'S CREDIT
RECOURSE, JOHN MOLESKI, and
JESSE MOLESKI,

      Plaintiffs,

v.

Civil Case No. 18-10025
Honorable Linda V. Parker

DONALD MILLER, KYLE ARNESON,
UNIVERSITY CAPITAL SOLUTIONS LLC,
and 1-50 DOES,

      Defendants.
_____/

## OPINION AND ORDER SETTING ASIDE ORDER TO SHOW CAUSE AND GRANTING FINAL EXTENSION TO SERVE DEFENDANTS

This matter is presently before the Court on Plaintiffs' response to the Court's order to show cause why the case should not be dismissed for failure to prosecute.

Plaintiffs filed this lawsuit against Defendants on January 3, 2018, alleging various federal and state law claims. (ECF No. 1.) The following day, the Court issued summonses for Defendants Kyle Arneson, Donald Miller, and University Capital Solutions LLC (collectively "Defendants"). (ECF Nos. 2-4.) On March 28, 2018, Plaintiffs moved for an additional twenty-five days to serve Defendants, which this Court granted on April 2, 2018. (ECF No. 5.) When Plaintiffs failed to

serve Defendants by the new deadline and took no immediate action thereafter, the Court issued a show cause order for failure to prosecute. (ECF No. 6.) Plaintiffs responded by filing a motion for alternative service and a response to the show cause order. (ECF Nos. 7, 8.)

In their motion for alternative service, Plaintiffs failed to show that service on Defendants could not reasonably be made in accordance with the applicable rules. The Court therefore denied Plaintiffs' motion, but granted them an additional thirty days to serve Defendants or renew their motion for alternative service. (ECF No. 9.) Plaintiffs did not serve Defendants by this new deadline, nor did they renew their motion for alternative service.

As a result, the Court entered another order to show cause for failure to prosecute on July 31, 2018, requiring Plaintiffs to show cause by August 7, 2018 as to why the case should not be dismissed pursuant to Eastern District of Michigan Local Rule 41.2. (ECF No. 10.) Plaintiffs responded to the show cause order on August 7, claiming that they now have several alternative addresses for Defendants. (ECF No. 11.) Plaintiffs requested more time to attempt service.

The Federal Rules of Civil Procedure require a court to dismiss an action without prejudice if service is not made within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). Rule 4(m) states that "if the plaintiff shows good cause for the failure [to serve], the court must extend the time for service for an *appropriate*

2

period." *Id.* (emphasis added). Plaintiffs establish good cause for their failure to serve Defendants at this juncture. Nevertheless, this matter has now been pending for more than eight months without any progression.

Accordingly, the Court is setting aside its July 31, 2018 order to show cause and is granting Plaintiffs an additional **thirty (30) days** to serve Defendants and file proof of service or to file a motion for alternative service. If Plaintiffs are unable to serve Defendants by the deadline and file a motion for alternative service, they must set forth the additional steps they have taken to serve Defendants since the filing of their previous motion **and** set forth the specific alternative method(s) of service they believe is "reasonably calculated" to give Defendants notice of this litigation. *See* MCR 2.105(I). Plaintiffs shall also submit a proposed order stating the alternative manners of service to be used.

If Plaintiffs fail to file proof of service on Defendants or a renewed motion for alternative service within thirty days, the Court will dismiss this action without prejudice with no further notice to Plaintiffs.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 8, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 8, 2018, by electronic and/or U.S. First Class mail.

                                              s/ R. Loury
                                              Case Manager